UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD BANGO, SCOTT BAILEY,

Plaintiffs,

v.

PIERCE COUNTY, WASHINGTON,
PIERCE COUNTY SHERIFF'S
DEPARTMENT,

Defendants.

CASE NO. 3:17-CV-06002-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: May 4, 2018

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is "Pierce County Defendants' Motion for 12(b)(1) Dismissal Regarding Administration of Psychiatric Medication to Outgoing Inmates" ("Motion to Dismiss"). Dkt. 27.[1]

The Court concludes Plaintiffs have failed to demonstrate they have standing to seek declaratory and injunctive relief related to the claim that Defendants are refusing to provide

---

[1] The Motion to Dismiss was filed on behalf of all Defendants: Pierce County, Washington, Bruce Dammeier, Pierce County Sheriff's Department, Paul A. Pastor, Patti Jackson-Kidder, and Janet Rohton. Dkt. 27. However, after filing the Motion to Dismiss, the parties stipulated to the dismissal of Defendants Bruce Dammeier, Paul A. Pastor, Patti Jackson-Kidder, and Janet Rohton. Dkt. 38. On March 28, 2018, the Honorable Ronald B. Leighton entered an Order granting the stipulation to dismiss. Dkt. 39. The only remaining Defendants are Pierce County, Washington and Pierce County Sheriff's Department.

1    needed psychiatric medications upon release from the Pierce County Jail. Therefore, the Court

2    recommends Defendants' Motion to Dismiss (Dkt. 27) be granted and this claim be dismissed.

3    **I.    Background**

4           Plaintiffs Donald Bango and Scott Bailey, individuals incarcerated at the Pierce County

5    Jail ("Jail") at the time the Complaint was filed, allege Defendants are failing to provide

6    adequate mental health treatment in violation of the Eighth and Fourteenth Amendments, the

7    Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Dkt. 1. Specifically,

8    Plaintiffs allege Defendants are: (1) failing to provide adequate mental health screenings ("Claim

9    1"); (2) ignoring clear signs of mental illness and requests for treatment ("Claim 2"); (3) refusing

10   to provide necessary treatment for mental illnesses ("Claim 3"); (4) delaying and denying basic

11   mental health care, including medications ("Claim 4"); (5) punishing Plaintiffs for non-violent

12   behaviors caused by their mental illnesses ("Claim 5"); (6) housing Plaintiffs in solitary

13   confinement despite clinically proven negative impacts of isolation on individuals with mental

14   illness ("Claim 6"); and (7) refusing to provide needed psychiatric medications upon release

15   from the Jail ("Claim 7"). *Id.*; *see also* Dkt. 31.

16          The only claim at issue in the Motion to Dismiss is Claim 7. *See* Dkt. 27. On February 2,

17   2018, Defendants filed the Motion to Dismiss asserting Plaintiffs do not have standing to bring

18   Claim 7. *Id.* Plaintiffs filed a Response on February 26, 2018, and Defendants filed a Reply on

19   March 2, 2018. Dkt. 31, 34. The Court heard oral argument on March 29, 2018. [2]

20   **II.    Motion to Strike**

21          In support of the Motion to Dismiss, Defendants filed copies of portions of Plaintiffs'

22   state court criminal records. *See* Dkt. 28. In their Response, Plaintiffs included a single sentence

23   _____

24   [2] During the hearing, the Court heard argument from Attorney Frank Cornelius, on behalf of Defendants, and Attorney Sal Mungia, on behalf of Plaintiffs.

1   requesting the Court strike the state court criminal records, stating, "[T]he court records do not

2   establish Defendants' contention, which itself is inadmissible to the extent it is based on

3   speculation and conjecture, and thus should be stricken." Dkt. 31, p. 9. Here, Plaintiffs provide

4   no argument explaining why the state court records submitted by Defendants or Defendants'

5   arguments are based on speculation and conjecture. *See id*. Further, Plaintiffs provide no legal

6   authority supporting their request to strike the records. The Court also notes that, during oral

7   argument, Plaintiffs cited to the state court records submitted by Defendants. As such, the Court

8   finds Plaintiffs have not shown it is appropriate to strike the state court records provided by

9   Defendants. Accordingly, Plaintiffs' motion to strike is denied.

10          **III.     Standard of Review**

11          Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of

12  subject matter jurisdiction. *See* Fed. R. Civ. P. 12. A complaint must be dismissed under Rule

13  12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the

14  action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not

15  fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2)

16  is not a case or controversy within the meaning of the Constitution; or (3) is not one described by

17  any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see* 28 U.S.C. § 1331 (federal

18  question jurisdiction). When determining subject matter jurisdiction, the Court it is not restricted

19  to the face of the pleadings and may review any evidence to resolve factual disputes concerning

20  the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

21          Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter

22  jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*,

23  511 U.S. 375, 377 (1994); *see also Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th

24

Cir. 2002). Once subject matter jurisdiction has been challenged, the plaintiff bears the burden of establishing it. *Id.* Furthermore, in a class action, a named plaintiff must show that he himself is subject to a likelihood of future injury. *See Matera v. Google Inc.*, 2016 WL 5339806, at *15 (N.D. Cal. Sept. 23, 2016).

**IV.     Discussion**

    Defendants assert Plaintiffs lack standing to bring Claim 7. Dkt. 27. The Court agrees.

    A.  Facial Attack

    Defendants have raised a facial attack on subject matter jurisdiction. *See* Dkt. 27. Defendants assert the Complaint fails to allege sufficient facts to show Plaintiffs have standing to bring Claim 7. *Id.* As Defendants are challenging the sufficiency of the Complaint, this is considered a facial attack and the Court presumes the factual allegations made in the Complaint are true. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."). The Motion to Dismiss should, therefore, be granted only if Plaintiffs fail to set forth the elements necessary for subject matter jurisdiction in the Complaint.

    B.  Legal Standard

    Under Article III, Section 2 of the Constitution, this Court's subject-matter jurisdiction is limited to deciding "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; *see, e.g.*, *Allen v. Wright*, 468 U.S. 737, 750 (1984), *overruled on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014). "A suit brought by a plaintiff without

Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). The "irreducible constitutional minimum" of Article III standing contains three elements: (1) the plaintiff must have suffered an "injury in fact;" (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

A plaintiff must demonstrate standing separately for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000). In the Complaint, Plaintiffs seek only injunctive and declaratory relief. *See* Dkt. 1. "The standing formulation for a plaintiff seeking prospective injunctive relief is simply one implementation of *Lujan*'s requirements. The plaintiff must demonstrate that he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (internal citations omitted).

The issue in this case is whether Plaintiffs have alleged sufficient facts to demonstrate they have suffered or are threatened with a concrete and particularized legal harm as to Claim 7. *See* Dkt. 27, 31, 34; Oral Argument. A harm is "concrete" if it is "'real,' and not 'abstract.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (quoting *Lujan*, 540 U.S. at 560, n. 1). The threat of repeated future injury may not be "conjectural or hypothetical." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (internal quotations omitted).

C.  <u>Analysis</u>

At oral argument,[3] Plaintiffs argued that, to establish standing as to Claim 7, the Complaint must only allege: (1) the Jail's policy and practice allows correctional officers to discharge inmates from the Jail without medication; (2) Plaintiff Bailey[4] will be released from the Jail without medications; and (3) Plaintiff Bailey faces a risk of decompensation[5] because he will be released from the Jail without medications.

In the Complaint, Plaintiffs allege Plaintiff Bailey has been incarcerated at the Jail approximately eight times since 1999. Dkt. 1, pp. 5, 27. The Complaint contains factual allegations stemming from Plaintiff Bailey's lack of mental health treatment during his most recent incarceration at the Jail. There are no allegations showing his release from Jail is imminent or that Plaintiff Bailey faces the possibility of being released from the Jail at all. *See* Dkt. 1. Plaintiffs have also failed to allege facts showing Plaintiff Bailey faces a risk of decompensation if he is released from the Jail without medication. Therefore, the Court finds Plaintiffs have failed to allege facts sufficient to show any injury related to Claim 7.[6]

---

[3] The Court notes that, in the Complaint and the Response to the Motion to Dismiss, Plaintiffs allege the Claim 7 injury is that inmates are being released without medications, decompensating, and being reincarcerated at the Jail. *See* Dkt. 1; Dkt. 31, p. 16. The injury as pled in the Complaint and argued in the Response is even more speculative than the injury argued at oral argument. Furthermore, the alleged injury requires Plaintiffs to violate the law. Courts have consistently held "[a]n injury based on the threat of future arrests, prosecutions, or convictions is too conjectural to constitute actual injury because 'a plaintiff can avoid injury by avoiding illegal conduct.'" *Updike v. Clackamas Cty.*, 2015 WL 7722410, at *7 (D. Or. Nov. 30, 2015) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 998 (9th Cir. 2012)).

[4] At oral argument, Plaintiffs stated they would only be discussing standing as established by Plaintiff Bailey. The Court finds Plaintiffs have conceded the factual allegations related to Plaintiff Bango do not establish standing. Therefore, the Court will not discuss allegations related to Plaintiff Bango.

[5] Decompensation is "[t]he appearance or exacerbation of a mental disorder due to failure of defense mechanisms." Stedmans Medical Dictionary (2014).

[6] The Court acknowledges Plaintiffs have alleged there is a practice at the Jail which denies inmates access to mental health medications upon their release to the community. *See* Dkt. 1, ¶¶ 63-64. Plaintiffs, however, fail to allege facts sufficient to show the named Plaintiffs have been injured as a result of an officially sanctioned practice or face a concrete and particularized injury as a result of the alleged practice.

1    Furthermore, even if Plaintiffs had alleged facts sufficient to show the three elements

2    asserted by Plaintiffs, the alleged injury is not real, imminent, or concrete. To reach Plaintiffs'

3    conclusion, Plaintiffs' injury requires, at a minimum, that the Jail release Plaintiff Bailey to the

4    community. At the time of release, Plaintiff Bailey must be compensated (able to function

5    despite stressors). The Jail declines to provide Plaintiff Bailey with mental health medications on

6    release. Plaintiff Bailey attempts, but is unable, to be seen by a primary care physician. Plaintiff

7    Bailey attempts, but is unable, to obtain medications. And, Plaintiff Bailey faces the risk of

8    decompensating without his medication. In fact, Plaintiffs allege Defendants have failed to

9    provide Plaintiff Bailey with effective mediations while housed at the Jail. Thus, as Plaintiff

10   Bailey is not alleged to be compensated, he cannot show he would decompensate as a result of

11   the loss of medications upon release. Therefore, the Court finds the contingency of events

12   required by Plaintiffs is too speculative to find standing. *See Lyons*, 461 U.S. at 106, n. 7 (finding

13   the plaintiff needed to "credibly allege that he faced a realistic threat from the future application

14   of the City's policy"); *Nelsen v. King Cty.*, 895 F.2d 1248, 1252 (9th Cir. 1990) ("Both the

15   Supreme Court and our circuit have repeatedly found a lack of standing where the litigant's

16   claim relies upon a chain of speculative contingencies[.]"); *Grundstein v. Washington State*,

17   2012 WL 2514915 (W.D. Wash. June 28, 2012) ("Plaintiff must show a 'significant likelihood'

18   that the rule will be applied to him again in the future.").

19   During oral argument, Plaintiffs' counsel stressed that at the time the Complaint was filed

20   Plaintiff Bailey had been convicted of a crime and was awaiting sentencing. Therefore, at the

21   time the Complaint was filed, Plaintiff Bailey could have faced imminent release from the Jail.

22   These allegations were not pled in the Complaint. *See* Dkt. 1. Furthermore, while the Court can

23   review evidence when ruling on a 12(b)(1) motion to dismiss, the evidence submitted to the

24

Court shows only that Plaintiff Bailey was booked into the Jail on April 2, 2017, convicted on

November 6, 2017 of unlawful possession of a controlled substance, and sentenced on January 5,

2018 to fifteen months in prison, 12 of which could be served in community custody, and

committed to the Washington State Department of Corrections. Dkt. 38, 32-1. There is no

evidence showing Plaintiff Bailey faced imminent release at the time the Complaint was filed, on

December 4, 2017. Rather, the evidence shows he had been convicted of a crime and was

awaiting sentencing when the Complaint was filed. There are no allegations or evidence showing

Plaintiff was going to receive a short sentence, such as time-served. Therefore, Plaintiffs

argument that, at the time the Complaint was filed, Plaintiff Bailey faced imminent release from

the Jail without medications is not supported by the allegations in the Complaint or the evidence

before the Court.

Plaintiffs contend this case is analogous to *Helling v. McKinney*, 509 U.S. 25 (1993). In

*Helling*, a prisoner plaintiff brought a claim against prison officials alleging his involuntary

exposure to environmental tobacco smoke ("ETS") posed an unreasonable risk to his future

health. 509 U.S. at 28-29. The Supreme Court found, "[i]t would be odd to deny an injunction to

inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground

that nothing yet had happened to them." *Id.* at 33. The Supreme Court found the plaintiff stated a

cause of action under the Eighth Amendment by alleging the prison officials exposed him to

levels of ETS that posed an unreasonable risk of serious damage to his future health. *Id.* at 35.

Initially, the Court notes *Helling* is not a case about standing. Rather, *Helling* focuses on

whether a plaintiff can state an Eighth Amendment claim alleging that exposure to a current

situation presents an unreasonable risk of serious injury to the plaintiff's future heath. In this

case, Defendants are not asserting Plaintiffs cannot state a claim for injunctive relief because a

lack of medications upon release presents an unreasonable risk of serious damage to Plaintiffs' future health. Rather, Defendants assert Plaintiffs do not have standing to bring Claim 7 because the threat of injury is conjectural and hypothetical. *See* Dkt. 27. Furthermore, as discussed above, Plaintiffs have not pled facts sufficient to show Plaintiff Bailey faces a real and immediate threat of being released from the Jail to the community without medication and faces a risk of decompensation. Thus, the Court finds Plaintiffs' assertion that the issue of standing in this case is analogous to *Helling* is unfounded.

Plaintiffs also argue that if Plaintiff Bailey does not have standing to bring this claim, no one will ever have standing to bring this claim. *See* Dkt. 31, p. 16. The Supreme Court has held, "[t]he assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 420–21 (2013) (internal quotations omitted). Therefore, the Court is not persuaded by this argument.

For the above stated reasons, the Court finds, taking the allegations in the Complaint as true, Plaintiffs have failed to allege facts sufficient to show a concrete and particularized injury as to Claim 7. Accordingly, the Court finds Plaintiffs have failed to establish standing as to Claim 7.[7]

## V.    Conclusion

In conclusion, the Court finds Plaintiffs lack standing to seek declaratory and injunctive relief related to Claim 7 -- Defendants are allegedly refusing to provide needed psychiatric medications to Plaintiffs upon release from the Jail. Therefore, the Court finds Claim 7 should be

---

[7] At oral argument, Plaintiffs' counsel stated Plaintiff Bailey was released from the Jail into the Department of Corrections' custody on January 11, 2018. He was not discharged from the Jail into the community without medications and does not face a risk of decompensation from that hypothetical discharge. However, as standing is established at the time the Complaint is filed and as Defendants do not argue mootness, this information is irrelevant to the standing analysis.

1  dismissed because the Court lacks subject matter jurisdiction. Accordingly, Court recommends

2  Defendants' Motion to Dismiss (Dkt. 27) be granted and Claim 7 be dismissed from this action.

3  　　　Plaintiffs request permission to file an amended complaint if the Motion to Dismiss is

4  granted. *See* Dkt. 31, pp. 16-17. The Court recommends Plaintiffs' request be denied because

5  Plaintiffs have not shown leave to amend is warranted at this time. However, this

6  recommendation does not preclude Plaintiffs from filing a motion to amend consistent with local

7  and federal rules.

8  　　　Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

9  shall have fourteen (14) days from service of this Report to file written objections. *See also* FED.

10  R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

11  *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time

12  limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for

13  consideration on May 4, 2018, as noted in the caption.

14  　　　Dated this 17th day of April, 2018.

15

16  　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　

17  　　　　　　　　　　　　　David W. Christel
　　　　　　　　　　　　　　United States Magistrate Judge

18

19

20

21

22

23

24