UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD BANGO and SCOTT BAILEY, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>PIERCE COUNTY, WASHINGTON; PIERCE COUNTY SHERIFF'S DEPARTMENT, and their officers, agents, employees, and successors;<br><br>Defendants. | NO. 3:17-cv-06002-RBL-DWC<br><br>**COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** |

The parties submit this Joint Status Report pursuant to Local Rule 16(a) and Federal Rule of Civil Procedure 26(f).

1. **NATURE AND COMPLEXITY OF THE CASE**.

   **Plaintiffs' Position**:

   Plaintiffs seek declaratory and injunctive relief against Defendants concerning the treatment of a class of individuals with mental illness incarcerated at the Pierce County Jail. Plaintiffs allege that Defendants' policies, practices, and procedures violate the Eighth

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 1 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

and Fourteenth Amendments to the U.S. Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Specifically, Plaintiffs allege that Defendants have the following policies, practices, and procedures that are unlawful: (1) failing to screen for mental illness during the booking process and during incarceration; (2) ignoring signs of mental illness and requests for help; (3) delaying and refusing to provide needed mental health treatment; (4) delaying, or in some cases not providing at all, needed psychiatric medications; (5) punishing those who decompensate by restraining them physically; (6) warehousing people with mental illness in solitary confinement despite the clinically proven negative impacts of isolation.

**Defendants' Position:**

Defendants deny that Pierce County's policies and practices violate the U.S. Constitution or any statute. The parties disagree regarding the complexity of the case. This is a §1983 action brought by two inmates incarcerated at the Pierce County Jail who claim that defendants fail to provide adequate mental health treatment in violation of the Eighth and Fourteenth Amendments, violation of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. They seek certification of a class of qualified individuals who have a mental illness that are disabilities as defined by 42 U.S.C. §12102 and 29 U.S.C. §705(9)(B), and who are now, or will be in the future, incarcerated at the Pierce County Jail. Plaintiffs believe that the case is of typical complexity. Defendants believe that this is a complex case. If a class action is certified, this case will require medical analysis for identification of hundreds of different mental illnesses, and involve voluminous discovery focused on six different claim categories that include: (1) failing to provide adequate mental health screening; (2) ignoring signs of mental illnesses and requests for treatment; (3) refusing to provide treatment for mental illness; (4) delaying or denying mental health

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 2 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

care and medications; (5) punishment for non-violent behaviors caused by mental illness; and (6) use of solitary confinement on individuals with mental illness. Potentially dozens of witnesses, and numerous experts will be involved.

2. **PROPOSED DEADLINE FOR JOINT ADDITIONAL PARTIES**

The parties request that the Court establish the deadline for joining additional parties.

3. **CONSENT TO MAGISTRATE JUDGE.**

The parties do not consent to trial by Magistrate Judge.

4. **DISCOVERY PLAN.**

A. **Initial Disclosures.**

To be completed by July 6, 2018, per the Court's June 1, 2018 order setting discovery deadlines.

B. **Timing and Potential Phasing of Discovery.**

**Plaintiffs' Position:**

Plaintiffs do not believe that discovery should be conducted in phases or bifurcated in any way. Plaintiffs stipulated to early discovery at Defendants' request and in the interest of cooperation, as permitted by Fed. R. Civ. P. 26(d)(1). Plaintiffs' understanding was that discovery was not limited in scope, and that the scope of discovery can only be limited pursuant to a court order. *See* Fed. R. Civ. P. 26(b)(1). Defendants have neither sought nor obtained a court order bifurcating discovery. Further, it is Plaintiffs' position that bifurcation of discovery is inappropriate in this case.

**Defendants' Position:**

Defendants believe discovery should be conducted in phases. This matter has not yet been certified as a class action. On December 4, 2017, at the beginning of this case,

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 3 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Plaintiffs filed a Motion for Class Certification at the same time they filed their Complaint. After the complaint was filed, and because the motion was noted to be heard so soon, the parties agreed that some limited discovery could take place prior to completion of a CR 26(f) conference, which was to allow defendants to obtain discovery related to class certification and prepare a response to Plaintiffs' motion. However, Plaintiffs later claimed they had a different understanding of our agreement and believed that the scope of discovery was unlimited and included discovery regarding the putative class and the merits of Plaintiffs' claims.

Defendants maintain that discovery has been limited to class certification issues, and that putative class and merits discovery can take place once class certification has been determined. Discovery has proceeded under that limitation. Plaintiffs have not claimed prejudice to this limitation. Plaintiffs' putative class and merits discovery is extensive and involves medical analysis for identification of hundreds of different mental illnesses. Plaintiffs seek, among other putative class and merits discovery, all inmate records and materials from approximately 2014 to the present that includes all inmate incident reports, all use of force reports, all inmate grievance materials, and all inmate materials related to any inmate death or suicide. Plaintiffs only recently sought to obtain authorization from the Court to release any information that would be subject to RCW 70.48.100, which protects as confidential records of a person confined in jail. Until just recently, Plaintiffs also took no action to complete a 26(f) conference (completed May 24, 2018 and June 5, 2018).

Plaintiffs have already filed their Motion for Class Certification, and phasing or bifurcating discovery does not restrict Plaintiffs' ability to prepare for class certification. Plaintiffs' Motion for Class Certification is scheduled for hearing on August 18, 2018.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 4 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Defendants' response to Plaintiffs' Motion for Class Certification is due August 13, 2018. Class certification discovery started in approximately the middle of January 2018, and no further class certification discovery should be needed at this late date. Plaintiffs have offered no reason why putative class and merits discovery would be needed before determination of class certification. Plaintiffs have offered no reason why phasing or bifurcation of discovery would be inappropriate. Putative class and merits discovery before determination of class certification would be very time consuming and burdensome to defendants. Phasing or bifurcating discovery prevents the parties and the Court from wasting resources and time on matters that do not bear on class certification. Defendants ask that the Court phase/bifurcate discovery at this time with putative class merits discovery starting after determination of class certification. If the Court does not phase/bifurcate discovery at this time, defendants ask that the Court do so without prejudice to Defendants' ability to file a motion to bifurcate discovery, or protective order, and also allow Defendants at least 30 days to begin providing initial responses to any outstanding discovery.

C. **Electronically Stored Information**.

Plaintiffs anticipate that Electronically Stored Information may play a role in this litigation, but the size of that role is currently unknown, and may remain so until Defendants provide Plaintiffs with detailed information regarding outstanding answers and responses to discovery propounded by Plaintiffs to Defendants.

Defendants believe that this case may involve a large amount of electronically stored information.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 5 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

D. **Privilege Issues**. There are no unusual privilege issues that the parties have currently identified.

E. **Proposed Limitations on Discovery**.

Plaintiffs oppose any limitations on the scope of discovery. It is Defendants' position that discovery should be conducted in phases as indicated in Section 4(B).

F. **The Need for Any Discovery Related Orders**. Plaintiffs have moved to enter a protective order in this case, which is currently pending before the Court. *See* Dkt #54-2.

5. **THE PARTIES' VIEWS, PROPOSALS AND AGREEMENTS PURUSANT TO LOCAL RULE 26(f)(1)**.

A. **Prompt Case Resolution**. The parties believe that this case is best proceeding through the Court's typical resolution track.

B. **Alternative Dispute Resolution**. The parties will continue to evaluate whether a mediation is appropriate and whether mediation before or after significant discovery would be the most beneficial. Keeping in mind the alternative dispute resolution potentials discussed later in this document, the parties believe at this time, the Court should set a standard and appropriate trial date for the resolution of this matter.

C. **Related Cases**.

The parties disagree about what cases are related to this case.

**Plaintiffs' Position:**

It is Plaintiffs' position that a previous case before this Court, *Herrera v. Pierce County*, case number 3:95-cv-05025-RJB-JKA, Judge Robert J. Bryan presiding, is a related case. The *Herrera* lawsuit involved Pierce County's policies and practices at the Pierce County Jail, including the lack of adequate mental health care. The lawsuit was settled in

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 6 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

1996 with the court appointing a monitor for Pierce County's progress in fulfilling the terms of the settlement. The case was ultimate terminated on February 25, 2011.

**Defendants' Position:**

It is Defendants' position that *Trueblood v. Washington State Dept. of Social and Health Services* ("DSHS"), case number 2:14-cv-01178-MJP, Judge Marsha J. Pechman presiding, is a related case. The *Trueblood* litigation involved a class of pretrial detainees suspected of being mentally incompetent who brought a §1983 action seeking permanent injunction and declaratory judgment establishing the time frame within which due process required DSHS provide competency evaluations and restoration services to such detainees. After a bench trial, the Court found DHSH in violation by not providing competency evaluations and restoration services, insufficient number of beds and personnel as a result of inadequate funding and planning, and the harmful effects of prolonged incarceration without evaluation and treatment for mentally ill detainees. Injunction was ordered and is still active.

D. **Discovery Management**. The parties already began discovery as explained in Section 4(B). To date, Defendants have propounded interrogatories and requests for production related to class certification, and also conducted depositions of both Plaintiffs in preparation for response to Plaintiffs' Motion for Class Certification. Plaintiffs have also propounded interrogatories, requests for production, and requests for admission.

E. **Anticipated Discovery Sought**.

**Plaintiffs' Anticipated Discovery:**

Plaintiffs will be seeking discovery regarding Pierce County's policies and practices in its treatment of inmates with mental illness at the Pierce County jail and information documenting how inmates with mental illnesses have been treated. Specifically, Plaintiffs

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 7 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

have propounded or intend to propound discovery related to the following issues:

1. Records related to the named Plaintiffs in possession, control, and custody of Defendants.
2. Defendants' policies and practices concerning mental health treatment, uses of force, restraints, and isolation in the Pierce County Jail, including data and records related to the same.
3. Records related to inmate deaths, including suicide deaths.
4. Records related to discipline of Pierce County Jail employees.
5. Organizational charts and other records related to mental health staffing in the Pierce County Jail.
6. Records related to Defendants' affirmative defenses.

**Defendants' Anticipated Discovery:**

Defendants anticipate conducting discovery initially regarding class certification, and subsequently after class certification determination regarding the merits of the claims in this lawsuit.

F. **Phasing Motions**. The parties do not see any particular basis for the phasing of motions, or trial at this time.

G. **Preservation of Discoverable Information**. Counsel for all parties have counseled their respective clients on the preservation of discoverable information, including electronically stored information.

H. **Privilege Issues**. There are no unusual privilege issues that the parties have currently identified.

I. **Model Protocol for Discovery of ESI**.

Plaintiffs anticipate that Electronically Stored Information may play a role in this

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

litigation, but the size of that role is currently unknown. The parties may adopt the Court's Model ESI Agreement if they can come to terms that are agreeable to all parties. Should the need arise for a different stipulation regarding ESI, the parties will attempt to craft one to suit the needs of this case.

Defendants believe that this case may involve a large amount of electronically stored information. The parties may adopt the Court's Model ESI Agreement and request that an appropriate order be entered at a later date.

6. **DISCOVERY COMPLETION.**

The parties request a discovery completion date of 120 days before trial. The parties also request a dispositive motion deadline of 90 days before trial.

7. **BIFURCATION.**

Defendants believe discovery should be phased or bifurcated. The parties do not see any particular basis for the phasing of motions, or trial at this time.

8. **PRETRIAL STATEMENTS AND PRETRIAL ORDER.**

The parties agree that the Court's pretrial order and related process is appropriate.

9. **SUGGESTIONS FOR SHORTENING OR SIMPLIFYING CASE.**

The parties do not have any specific requests or suggestions regarding the simplification of the case. Following reasonable discovery, the parties may file motions to narrow or resolve the disputes.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 9 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

10. **DATE CASE WILL BE READY FOR TRIAL**.

Plaintiffs believe that the case should be ready for trial any time after February 19, 2019. Defendants believe that the date for trial readiness is unclear because Plaintiffs recently gave notice that they intend to amend their Complaint. Plaintiffs have offered no timeframe for when the proposed amendment will be made. Based on Plaintiffs' current complaint, and the complexity of this case, defendants estimate that the case may be ready for trial after June 1, 2019.

11. **JURY TRIAL**.

Plaintiffs are not seeking a jury trial. Defendants have requested a jury trial.

12. **NUMBER OF TRIAL DAYS REQUIRED**.

Plaintiffs anticipate approximately 15 trial days.

Defendants anticipate approximately 20 trial days.

13. **NAME, ADDRESS, AND TELEPHONE NUMBER OF ALL TRIAL COUNSEL**.

**Counsel for Plaintiff**:

Salvador A. Mungia, WSBA No. 14807
Janelle E. Chase-Fazio, WSBA No. 51254
Gordon Thomas Honeywell LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
(253) 620-6500

Antoinette M. Davis, WSBA No. 29821
Jessica Wolfe, WSBA No. 52068
American Civil Liberties Union of Washington Foundation
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
(206) 624-2184

**Counsel for Defendants**:

Michelle Luna-Green, WSBA No. 27088
Frank Cornelius, WSBA No. 29590
Pierce County Prosecutor/Civil
955 Tacoma Avenue South, Ste. 301

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 10 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Tacoma, WA 98402
(253) 798-6380

14. **DATES ON WHICH TRIAL COUNSEL MAY HAVE COMPLICATIONS TO BE CONSIDERED IN TRIAL SETTING**.

The parties have not included any dates in 2018 because this case will not be ready to be tried until 2019.

In 2019, the Plaintiffs have the following conflicts:

January 10, 2019: Mr. Mungia and Ms. Chase have a trial set in Pierce County Superior Court that is estimated to last six trial days.

On May 7, 2019, Mr. Mungia and Ms. Chase have a trial set in Federal District Court for the Western District of Washington, Tacoma, that is estimated to last eight court days.

On May 11, 2019 Mr. Mungia has a trial set in King County Superior Court that is estimated to last eight court days.

On August 8, 2019 Mr. Mungia has a trial set in Pierce County Superior Court that is estimated to last twelve court days.

15. **STATUS OF SERVICE ON DEFENDANTS**.

All Defendants are served.

16. **SCHEDULING CONFERENCE**.

The parties do not request a scheduling conference before the issuance of a scheduling order for this matter.

17. **NON-GOVERNMENTAL CORPORATE DISCLOSURE STATEMENT FILING DATE**:

Not applicable.

Respectfully submitted this 28th day of June, 2018.

By  /s/ Salvador A. Mungia
　　Salvador A. Mungia, WSBA No. 14807

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 11 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

| | |
|---|---|
| 1 | smungia@gth-law.com |
| | /s/ Janelle Chase-Fazio |
| 2 | Janelle Chase-Fazio, WSBA No. 51254 |
| | jchasefazio@gth-law.co |
| 3 | Gordon Thomas Honeywell LLP |
| | 1201 Pacific Ave., Ste. 2100 |
| 4 | Tacoma, WA 98402 |
| 5 | Attorneys for Plaintiffs |

By  /s/ Antoinette M. Davis
Antoinette M. Davis, WSBA No. 29821
tdavis@aclu-wa.org
/s/ Jessica Wolfe
Jessica Wolfe, WSBA No. 52068
jwolfe@aclu-wa.org
American Civil Liberties Union of Washington Foundation
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
Attorneys for Plaintiffs

By  /s/ Michelle Luna-Green**
Michelle Luna-Green, WSBA No. 27088
Pierce County Prosecutor/Civil
955 Tacoma Avenue South, Ste. 301
Tacoma, WA 98402
(253) 798-6380
Attorneys for Defendants

By  /s/ Frank Cornelius**
Frank Cornelius, WSBA No. 29590
Pierce County Prosecutor/Civil
955 Tacoma Avenue South, Ste. 301
Tacoma, WA 98402
(253) 798-6380
Attorneys for Defendants

**Permission for inclusion of the electronic signatures of Attorneys for Defendants granted via e-mail as of June 27th, 2018.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 12 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

## CERTIFICATE OF SERVICE

I hereby certify that on June 28th, 2018 I electronically filed the foregoing *Combined Joint Status Report and Discovery Plan* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record:

By  /s/ Michelle Luna-Green
 Michelle Luna-Green, WSBA #27088
 Deputy Prosecuting Attorney
 Pierce County Prosecuting Attorney's Office
 955 Tacoma Avenue South, Suite 301
 Tacoma, WA 98402-2160
 Phone: 253-798-6380
 Fax: 253-798-6713
 Email: mluna@co.pierce.wa.us
   Attorneys for Defendants

By  /s/ Frank Cornelius
 Frank Cornelius, WSBA #29590
 Deputy Prosecuting Attorney
 Pierce County Prosecuting Attorney's Office
 955 Tacoma Ave South, Suite 301
 Tacoma, WA 98402-2160
 Phone: 253-798-6514
 Fax: 253-798-6713
 E-mail: fcornel@co.pierce.wa.us

DATED THIS 28th day of June, 2018 at Seattle, Washington

By: /s/ Kaya McRuer
 Kaya McRuer, Legal Assistant
 American Civil Liberties Union
 of Washington Foundation
 901 5th Ave, Suite 630
 Seattle, WA 98164
 (206)624-2184
 kmcruer@aclu-wa.org

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN - 13 of 13
(3:17-cv-06002-RBL-DWC)
[4821-1841-3914]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565