UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD BANGO, SCOTT BAILEY,

    Plaintiffs,

    v.

PIERCE COUNTY, WASHINGTON, PIERCE COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

CASE NO. 3:17-CV-06002-RBL-DWC

ORDER ON MOTION TO STRIKE AND MOTION TO COMPEL

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Currently pending before the Court are Defendants' Motion to Strike Plaintiffs' Motion for Class Certification and Strike Class Allegations ("Motion to Strike") and Plaintiffs' Motion to Compel Discovery and for Order of Protection ("Motion to Compel"). Dkt. 52, 54. After review of the Motions and the relevant record, the Motion to Strike (Dkt. 52) is granted-in-part and the Motion to Compel (Dkt. 54) is denied.

**I. Motion to Strike (Dkt. 52)**

Defendants filed the Motion to Strike on June 7, 2018, requesting the Court strike Plaintiffs' Motion for Class Certification ("Motion to Certify") and strike Plaintiff's class allegations because Plaintiffs have failed to comply with Federal Rule of Civil Procedure 23(c)(1)(A) and Local Civil Rule ("LCR") 23(i)(3). Dkt. 52. Defendants assert Plaintiffs' failure to comply with the intent of the Federal and Local Rules and the unilateral decision to re-note the Motion to Certify resulted in a delay tactic that is prejudicial to Defendants. *See id*. Defendants are essentially requesting the Court sanction Plaintiffs by striking both the Motion to Certify and the class allegations. *See id*.; Dkt. 60. Plaintiffs filed a Response stating they complied with both the Federal and Local Rules and Defendants are not prejudiced. Dkt. 58.

A. *Compliance with Federal and Local Rules*

Plaintiffs initiated this lawsuit on December 4, 2017. Dkt. 1. On December 21, 2017, Plaintiffs filed the Motion to Certify. Dkt. 19. The Motion to Certify was noted for the Court's consideration on January 26, 2018. *See id*. After two stipulations by the parties, the Motion to Certify was re-noted for the Court's consideration on June 8, 2018. *See* Dkt. 26, 30. On May 30, 2018, Plaintiffs filed a Notice of Motion Renoted, re-noting the Motion to Certify to August 17, 2018. Dkt. 49. In the Notice, Plaintiffs state they intend to move to amend the Complaint "in the near future," and re-noted the Motion to Certify pursuant to LCR 7(l) so as to not prejudice Defendants. *Id*. The Notice was not stipulated to or signed by defense counsel and the Court did not grant leave to re-note the Motion to Certify.

LCR 23(i)(3) states:

> Within one hundred eighty days after the filing of a complaint in a class action, unless otherwise ordered by the court or provided by statute, the plaintiff shall move for a determination under Fed. R. Civ. P. 23(c)(1), as to whether the case is to be maintained as a class action. This period may be extended on motion for

good cause. The court may certify the class, may disallow and strike the class allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary in the circumstances. Whenever possible, where the determination is postponed, a date will be fixed by the court for renewal of the motion.

Here, Plaintiffs filed the Motion to Certify on December 21, 2017, seventeen days after filing the Complaint. *See* Dkt. 1, 19. The parties agreed to extend the noting date twice and, on May 30, 2018, Plaintiffs unilaterally re-noted the Motion to Certify to August 17, 2018. The Motion to Certify has remained pending since December 21, 2017. Therefore, because Plaintiffs moved for a determination of whether this case should be maintained as a class action within 180 days of filing the Complaint, Plaintiffs' Motion to Certify is in technical compliance with LCR 23(i)(3).

However, the Court finds Plaintiffs' conduct is inconsistent with the spirit and intent of the Local Rules. Plaintiffs unilaterally re-noted the Motion to Certify two business days before Defendants' response to the Motion to Certify was due. *See* Dkt. 49. At that time, Defendants had already spent a considerable amount of time and expense preparing their response to the Motion to Certify. *See* Dkt. 53, Cornelius Dec. In light of Plaintiffs' disclosure of their intent to amend the Complaint so close to the date when Defendants' response to the Motion to Certify was due, Plaintiffs should have moved for the Court to postpone consideration of the Motion to Certify. Thus, the Court finds Plaintiffs' conduct warrants a determination of whether sanctions should be imposed.

B. *Imposition of Sanctions*

"Before imposing a case dispositive sanction a trial judge must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Johnson v. Goldsmith*, 542 F. App'x 607 (9th Cir. 2013) (internal quotations omitted); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (finding failure to follow a district court's local rules is a proper ground for dismissal and applying the five factors); *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) ("A court must consider the . . . five factors before striking a pleading").

In this case, the first and second factors, the public's interest in expeditious resolution of litigation and the court's need to manage its dockets, weigh in favor of granting the Motion to Strike. While Plaintiffs assert the case has been "moving," this case has been pending for over seven months without a determination on class certification, which should be determined as soon practicable after the case is filed. *See* Fed. R. Civ. P. 23. Because of the delay in considering the Motion to Certify, a scheduling order has not been entered and a trial date has not been set. Additionally, Plaintiffs have stated they intend to file an amended complaint, which would likely moot the current class allegations and the Motion to Certify, causing further delay of this case. Both the public's interest in expeditious resolution of litigation and the Court's need to manage its dockets weigh in favor of granting the Motion to Strike.

The third factor, the risk of prejudice to the party seeking sanctions, also weighs in favor of granting the Motion to Strike. The record shows Defendants will suffer prejudice if the Motion to Strike is denied. Evidence provided by Defendants, and undisputed by Plaintiffs, shows Plaintiffs intend to move to amend the Complaint. *See* Dkt. 49, 52, 53. If Plaintiffs are allowed to amend the Complaint, the Motion to Certify and the class allegations, which rely on the current Complaint, would likely be moot. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (when

an amended complaint is filed, the original complaint is "treated thereafter as non-existent"). At this time, more than two months after informing the Court they intend to move to amend the Compliant, Plaintiffs have not moved to amend the Complaint. As a result of Plaintiffs' litigation approach, Defendants are now required to respond to the Motion to Certify prior to the Court ruling on any motion to amend filed by Plaintiffs and, if a motion to amend is filed and granted by the Court, the Motion to Certify and Defendants' response will likely be mooted.

Based on Plaintiffs' representations and the evidence, it's reasonable that Defendants will have to expend resources to respond to the Motion to Certify, a motion to amend, and a renewed motion to certify. The Court finds Plaintiffs' failure to move to amend the Complaint in a timely manner, after notifying defense counsel and the Court they intended to do so, without withdrawing or seeking postponement of the Motion to Certify prejudices Defendants. Therefore, the Court finds the third factor weighs in favor of granting the Motion to Strike. *See Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay"); *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984) (prejudice includes "irremediable burdens or costs imposed on the opposing party").

The fourth factor, the public policy favoring disposition of cases on their merits, weighs in favor of denying the Motion to Strike. Defendants request the Court strike the Motion to Certify and Plaintiffs' class allegations. If the Court were to strike Plaintiffs' class allegations, the Court would not decide a dispositive issue of this case on the merits. Therefore, the Court finds the fourth factor weighs in favor of denying the Motion to Strike.

The fifth factor, whether less drastic sanctions are available, is the determinative factor in this case. More than two months ago, Plaintiffs indicated to defense counsel and the Court they are going to move to amend the Complaint. However, as this time, no motion to amend has been

filed. Thus, Plaintiffs' actions have caused delay and created uncertainty as to status of this case. As a motion to amend has not been filed two months after Plaintiffs indicated they would be filing a motion to amend, the Court finds striking the Motion to Certify is an appropriate sanction. The Court, however, declines to strike the class allegations in the Complaint and Plaintiffs may file a motion requesting enlargement of time to file a renewed motion to certify after determining if they will indeed move to proceed on an amended complaint. This resolution avoids prejudice to Defendants and allows the Court to effectively manage its dockets, yet preserves the interest of deciding a dispositive issue on the merits.

For the above stated reasons, the Motion to Strike (Dkt. 52) is granted-in-part as follows:

- The Motion to Certify (Dkt. 19) is stricken.
- Plaintiffs' class allegations remain in the Complaint.
- After determining if they will move to proceed on an amended complaint, Plaintiffs may file a motion requesting enlargement of time to file a renewed motion to certify, which the Court will consider under LCR 23(i)(3) (the period for moving for a determination Fed. R. Civ. P. 23(c)(1) may be extended on motion for good cause).

**II.     Motion to Compel (Dkt. 54)**

On June 14, 2018, Plaintiffs filed the Motion to Compel, requesting the Court compel Defendants to respond to discovery requests, enter a protective order, and assess fees and costs. Dkt. 54.

A. *Compel Discovery Responses*

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery

has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*

At this time, the parties have only met and conferred and failed to come to a resolution regarding the *scope* of early discovery. *See* Dkt. 55, Mungia Dec., ¶ 15; Dkt. 56, Wolfe Dec., ¶¶ 12, 14. The Motion to Compel appears to raise additional sub-issues related to discovery. *See* Dkt. 54. It is not clear from the evidence whether the parties have met and conferred by telephone or in-person and reached an impasse regarding the sub-issues. *See* Dkt. 54-56, 61-62. The parties provided email exchanges regarding discovery, but emails are not telephonic or in-person attempts to resolve discovery disputes, as required by LCR 37.

For example, Plaintiffs assert their discovery requests are related to class certification. *See* Dkt. 66-1. As early as April 25, 2018, Defendants requested clarification regarding what discovery requests Plaintiffs believe relate to class certification and have been waiting for a response from Plaintiffs' counsel regarding the clarifications. *See* Dkt. 62, Cornelius Dec., ¶¶ 4, 6-9, 11-12, 19-20. Evidence shows Plaintiffs' counsel has failed to respond, over a period of several months, to Defendants' counsels' requests for clarification and have denied telephone calls regarding requests for clarification have even occurred. *See id*. at ¶¶ 11-12; *see also* Dkt. 63, Luna-Green Dec., ¶¶ 8, 11 (present during April 25, 2018 call, was informed Defendants would receive a follow-up from Plaintiffs' counsel and no follow-up has occurred); Dkt. 62, pp.

9-10, 17 (emails exchanged between counsel regarding setting and denial of April 25, 2018 telephone conference). Thus, there is evidence showing Defendants have attempted to resolve discovery disputes regarding whether Plaintiffs' discovery requests are related to class certification, but Plaintiffs have failed to respond to requests for clarification. The Court, therefore, finds Plaintiffs have not shown they met and conferred, in good faith, regarding their assertion that the discovery requests relate to class certification.

Plaintiffs also argue Defendants have not timely responded to the discovery requests, which would have been due on June 23, 2018, if the requests were deemed served at the Rule 26(f) conference. *See* Dkt. 66-1, p. 5. Plaintiffs, however, assert the last meet and confer conference occurred on June 5, 2018. *See id.* at p. 4. Therefore, the parties have not met and conferred regarding the alleged lack of response to the discovery requests if the discovery requests were deemed served at the Rule 26(f) conference.

As evidence shows the parties are still engaged in discussions regarding discovery requests, the parties have not reached an impasse regarding whether the requested discovery relates to class certification or whether Defendants timely responded to discovery. Therefore, the Court finds any sub-issues raised in the Motion to Compel or Reply are not ripe for the Court's consideration because the good faith meet and confer requirement has not been satisfied. The parties have only shown they conferred and are at an impasse regarding the scope of early discovery; therefore, this is the only issue ripe for the Court's consideration in the Motion to Compel. *See* Fed. R. Civ. P. 37; LCR 37; *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014) (denying motion to compel when there is no suggestion that the parties reached impasse before the plaintiff filed his motion).

The relevant evidence shows Plaintiffs filed the Motion to Certify on December 21, 2017. *See* Dkt. 19. "On January 10, 2018, after discussion with Plaintiffs' attorney Sal Mungia, Plaintiffs agreed that Defendants could obtain early discovery for the purpose of response to Plaintiffs' Motion for Class Certification." Dkt. 63, Luna-Green Dec., ¶ 2. It was the understanding of Defendants' counsel, Michelle Luna-Green, that discovery was limited to class certification issues only, "and that no other agreement was made regarding discovery beyond class certification." *Id*. at ¶ 3. Mr. Mungia stated Plaintiffs agreed, in December of 2017, "that discovery would start and that the lay-down provision would apply even though no case schedule had been entered as of that time." Dkt. 55, Mungia Dec., ¶ 7. On February 20, 2018, Ms. Luna-Green contacted Mr. Mungia by email stating the parties did not have a meeting of the minds regarding the scope of discovery. *Id*. at ¶ 11. On April 23, 2018, Ms. Luna-Green and Mr. Mungia had a conversation about the scope of discovery. *Id*. at ¶ 15. "Ms. Luna-Green explained that it was Defendants' position that the Plaintiffs are limited to discovery as it pertains to their individual claims. [Mr. Mungia] explained it was the Plaintiffs' position that discovery was not limited." *Id*. During a May 24, 2018 telephone call, Defendants' counsel, Frank Cornelius, "indicated that it was Defendants' position that discovery was limited to class certification only, and Plaintiffs' counsel indicated it was their position the scope of discovery had not been limited." Dkt. 56, Wolfe Dec., ¶ 11. The disputed discovery requests were served on Defendants prior to the parties' Rule 26(f) conference. *See* Dkt. 56, Wolfe Dec., ¶¶ 7-11; Dkt. 62, Cornelius Dec., ¶ 15.

Under Federal Rule of Civil Procedure 26(d)(1),

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

"Discovery is generally not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f), unless a party obtains a stipulation or court order to conduct the discovery." *Rose v. Seamless Fin. Corp.*, 2012 WL 6052006, at *2 (S.D. Cal. Dec. 4, 2012).

Here, the parties did not obtain a Court order to begin discovery prior to the Rule 26(f) conference. *See* Docket. Further, there is no evidence either party obtained a signed stipulation from the other party on discovery prior to conferring pursuant to Rule 26(f). Rather, the evidence shows the parties entered an informal agreement regarding discovery. The parties, however, did not come to a meeting of the minds regarding the scope of the discovery. Defendants understood discovery was opened for the limited purpose of both parties conducting discovery related only to class certification. Plaintiffs understood there were no limits to discovery. The Court declines to compel Defendants to produce discovery requested prior to the Rule 26(f) conference when there was no signed stipulation regarding the scope of discovery or a Court order regarding early discovery.

Plaintiffs contend discovery can only be limited by the Court. Dkt. 54. Plaintiffs have not cited to any legal authority stating the parties cannot agree to limit discovery prior to the Rule 26(f) conference. The Court finds that, just as parties can enter a stipulation to conduct early discovery without a Court order, parties can stipulate to limit the scope of early discovery. Therefore, the Court is not persuaded by Plaintiffs argument. *See* Fed. R. Civ. P. 29(b) (permitting parties to modify "procedures governing or limiting discovery" by stipulation, unless the stipulation would "interfere with the time set for completing discovery, for hearing a motion, or for trial," or "[u]nless the court orders otherwise."); *see also* LCR 26 ("Counsel are expected to cooperate with each other to reasonably limit discovery requests").

For the above reasons, Plaintiffs' request for an order compelling Defendants to provide responses to the early discovery is denied.[1]

B. *Protective Order*

Pursuant to Federal Rule of Civil Procedure 26(c):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

This Court's Local Rules also require any motion for a protective order to "include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with the other affected parties in an effort to resolve the dispute without court action." LCR 26(c). Rule 26 states "[t]he certification must list the date, manner, and participants to the conference." If a certification is not included, the Court many deny the motion without addressing the merits. LCR 26(c).

The evidence shows the parties began discussing a protective order in March of 2018. *See* Dkt. 57-1; Dkt. 62, Cornelius Dec., ¶ 22. Plaintiffs' counsel sent a proposed protective order to Defendants' counsel through email on March 20, 2018. *See* Dkt. 57-1. On the same date, Defendants' counsel proposed the Court's model protective order in response. Dkt. 57-2; Dkt. 57-3; Dkt. 61; Dkt. 62, Cornelius Dec., ¶ 21. Following a telephone conversation on March 23, 2018 regarding Defendants' proposed protective order, Plaintiffs took no additional action to complete a proposed protective order until May 21, 2018 (2 months later) when one of Plaintiffs' attorneys sent defense counsel an email. Dkt. 62, Cornelius Dec., ¶ 23. The parties discussed a

---

[1] In challenging Defendants' objection to Plaintiffs' discovery requests because the requests call for private inmate information, Plaintiffs assert the Court should enter an order pursuant to RCW 70.48.100 if the Court finds redaction of discovery responses that call for private inmate information insufficient. Dkt. 54, pp. 11-12. As the Court declines to compel Defendants to produce the requested discovery, Plaintiffs' request for an order pursuant to RCW 70.48.100 is moot.

proposed protective order at the Rule 26(f) conference held on May 24, 2018 and through email on May 31, 2018. *See* Dkt. 57-5; Dkt. 62, Cornelius Dec., ¶¶ 24-26. "At the time Plaintiffs filed their Motion to Compel, [Defendants] were seeking further clarification from Plaintiffs" regarding topics in the proposed protective order. Dkt. 62, Cornelius Dec., ¶ 27; *see* Dkt. 62, p. 66 (email dated June 11, 2018 from Defendants' attorney to Plaintiffs' attorney seeking clarification in the proposed protective order).

While Plaintiffs assert they met and conferred with Defendants regarding the disputed discovery (*see* Dkt. 54, p. 7), the evidence before the Court shows the parties have only engaged in discussions regarding a proposed protective order. The parties have not met and conferred and failed to come to a resolution prior to involving the Court. Defendants' counsel was seeking further clarification of Plaintiffs' proposed protective order three days prior to Plaintiffs' filing the Motion to Compel. There is no evidence Plaintiffs responded to Defendants' request for clarification prior to filing the Motion to Compel. As the evidence shows the parties are still attempting to resolve any disagreement regarding a proposed protective order and have not reached an impasse, the Court finds the parties have not completed the meet and confer requirement.

Therefore, the request for a protective order is denied. The parties are directed to continue engaging in discussions regarding a proposed protective order. The parties should only seek Court intervention if the parties reach an impasse on a substantive issue. *See Beasley*, 2014 WL 1268709 at *3; *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

C. *Request for Fees and Costs*

Plaintiffs request the Court assess fees and costs for bringing the Motion to Compel. Dkt. 54. The Court finds Plaintiffs have not shown an order compelling discovery responses and a protective order is appropriate at this time. As the Court is denying the Motion to Compel, the Court declines to assess fees and costs.

D. *Stay of Discovery*

In light of the conduct described in this Order, particularly Plaintiff's delay in filing a motion to amend after notifying defense counsel and the Court of an intent to file a motion to amend, the Court finds a stay of discovery is appropriate while Plaintiffs determine how their case will proceed (i.e. on the Complaint or moving to file an amended complaint). Plaintiffs have indicated they intend to file a motion to amend, but have not informed the Court or defense counsel what amendments may be made. *See* Dkt. 49; Dkt. 62, Cornelius Dec. ¶ 17. As an amended complaint will completely replace the original Complaint, staying discovery promotes efficiency for the Court and litigants, will not impact any proposed amended complaint, and will not require the parties to respond to potentially irrelevant or overly burdensome discovery. *See Lope v. Cate*, 2014 WL 3587852, at *1 (E.D. Cal. July 21, 2014) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants"); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (in staying discovery, the court considered "the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action'").

1     The stay of discovery will be lifted upon the entry of a scheduling order, which the Court anticipates will occur after a determination on class certification, or upon an order from this Court, if the parties move to lift the stay of discovery prior to the scheduling order being entered.

E. *Conclusion*

The Court has reviewed the Motion to Compel and the relevant evidence. For the above stated reasons, the Court declines to: (1) compel Defendants to respond to Plaintiffs' early discovery requests; (2) enter a protective order; and (3) assess fees and costs. Therefore, the Motion to Compel (Dkt. 54) is denied.[2]

**III. Conclusion**

In conclusion, the Motion to Strike (Dkt. 52) is granted-in-part: the Motion to Certify (Dkt. 19) is stricken. The Motion to Compel (Dkt. 54) is denied. Discovery in this matter is stayed.

The Clerk is directed to strike the Motion to Certify (Dkt. 19).

Dated this 3rd day of August, 2018.

David W. Christel
United States Magistrate Judge

---

[2] In their Response, Defendants state they are seeking to bifurcate discovery in this case. *See* Dkt. 61. Because the Court has stayed discovery and there is currently no motion before the Court regarding bifurcation of discovery, the Court declines to decide whether discovery should be bifurcated at this time.